OPINION
{¶ 1} Defendant-appellant, Richard D. Rehaut, appeals from two judgments of the Franklin County Court of Common Pleas finding him guilty of two counts of possession of LSD and one count of trafficking in LSD, and sentencing him accordingly. For the reasons that follow, we affirm those judgments.
 {¶ 2} By indictment filed July 20, 2002, appellant was charged in case No. 01CR-07-4104 ("Case 4104") with one count of possession of LSD in violation of R.C. 2925.11 and one count of preparation of marijuana for sale in violation of R.C. 2925.07. Later, in a second indictment filed August 15, 2001, appellant was charged in case No. 01CR-08-4687 ("Case 4687") with two counts of aggravated trafficking in drugs in violation of R.C. 2925.03, two counts of trafficking in LSD in violation of R.C. 2925.03, and one count of possession of LSD in violation of R.C.2925.11.
 {¶ 3} On February 27, 2002, appellant entered guilty pleas in both cases. In Case 4104, appellant pled guilty to one count of possession of LSD, a felony of the fourth degree; in Case 4687, appellant pled guilty to one count of trafficking in LSD and one count of possession of LSD, both felonies of the second degree. All other charges against appellant were dismissed. As a result of the guilty pleas, the trial court sentenced appellant to a 16-month prison term in Case 4104, and a six-year prison term for each count in Case 4687. The court ordered the prison terms in Case 4687 to be served concurrently, but consecutively to the 16-month prison term imposed in Case 4104, for a total prison term of seven years and four months.
 {¶ 4} Appellant appeals, assigning the following error:
 {¶ 5} "The sentences imposed by the Court of Common Pleas of Franklin County, Ohio upon Appellant did not comply with the purposes of felony sentencing guidelines."
 {¶ 6} Appellant's assignment of error does not identify any specific reason why the sentences imposed upon him do not comply with the felony sentencing guidelines. We will, therefore, review appellant's sentence to determine if it was imposed contrary to law.
 {¶ 7} Appellant pled guilty to one felony of the fourth degree, for which he could have received a prison term of 6 to 18 months. He also pled guilty to two felonies of the second degree, for which he could have received a prison term of two to eight years. The trial court did not sentence appellant to the minimum prison term for any of these counts, but also did not impose the maximum permissible prison term for these counts. R.C. 2929.14(B) allows a trial court to impose a prison term greater than the shortest prison term authorized on an offender who has not previously served a prison term. However, in imposing such a term, the trial court must find on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. Id. While the trial court need not state its reasons for making either of these findings, it must make one of the required findings. State v. Edmonson (1999), 86 Ohio St.3d 324, 326.
 {¶ 8} The trial court also ordered appellant's sentences to be served consecutively. A trial court must make specific findings under R.C. 2929.14(E)(4) and state its reasons for making those findings in order to impose consecutive sentences. R.C. 2929.19(B)(2)(c); State v. Scott, Franklin App. No. 01AP-801, 2002-Ohio-2251, at ¶ 8-12. R.C.2929.14(E)(4) provides that the trial court may require an offender to serve consecutive prison sentences if it finds: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that any one of following applies:
 {¶ 9} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 10} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 11} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 12} The sentencing entry in this matter demonstrates the trial court made all the required findings to impose the sentences it chose to impose on appellant. While the trial court was also required to state its reasons for imposing consecutive sentences, appellant has not provided a copy of the sentencing transcript to allow us to review whether the trial court complied with this requirement. "The duty to provide a transcript for appellate review falls upon appellant. `When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower courts proceedings, and affirm.' " State v. Miller (June 13, 2001), Richland App. No. 00-CA-103, quoting Knapp v. Edwards Lab. (1980), 61 Ohio St.2d 197,199.
 {¶ 13} Because appellant has not provided this court with the transcript of the sentencing hearing that is necessary for the resolution of his assigned error, we must presume the regularity of the proceedings below and affirm the trial court's imposition of consecutive sentences. State v. Ervin, Shelby App. No. 17-01-14, 2002-Ohio-2177, at ¶ 18 (affirming consecutive sentences where appellant failed to provide transcript).
 {¶ 14} The trial court complied with the applicable statutory requirements in sentencing appellant. Appellant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and LAZARUS, JJ., concur.